FILED
DEC 28 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

William Masterson
Phyllis Masterson

Plaintiff(s),

v.

United States Government

Defendant.

Case No.

PETITION TO QUASH

Case: 1:07-mc-00575
Assigned To : Leon, Richard J.
Assign. Date : 12/26/2007
Description: Miscellaneous

## JURISDICTION

This court has jurisdiction under 28 U.S.C. 1331 (civil action arising under the Constitution and laws of the United States,) 28 U.S.C. 1346 (United States is a defendant).

## FEDERAL QUESTION

Whether an administrative lien, levy or any other demand made by the Internal Revenue Service upon the plaintiff and/or third party fiduciaries absent a court order is simply a request and applies no force to the plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS lien, levy or other demand until that lien, levy or other demand is backed by a federal court order.

## FACTS

Defendant has served administrative levies on plaintiff's third party fiduciaries as set forth in the attached exhibits. Defendant has filed liens against plaintiff as set forth in the attached exhibits. Defendant has made demands upon plaintiff to perform and/or

respond to defendant as set forth in the attached exhibits. Defendants' levies, liens and demand letters are not backed by a federal court order

*Schulz v. IRS*, 04-0196
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
PER CURIAM:

_____"[We] hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order. "

Likewise an IRS lien, levy or other demand made by the Internal Revenue Service upon the plaintiff and/or third party fiduciaries seeking payment of plaintiff's funds/property, setting forth a lien upon plaintiff's property and/or making demands upon plaintiff to perform and/or respond to defendant absent a court order is simply a request and applies no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply until that administrative lien, levy or other demand is backed by a federal court order.

Wherefore, plaintiff seeks an order quashing all administrative liens, levies and other demands and an order consistent with the Second Circuit Court of Appeals and the holding in *Schulz* that absent a court order the attached exhibits are simply requests and apply no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS administrative lien, levy or any other demand unless that administrative lien, levy or any other demand is backed by a federal court order.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| William Masterson<br>Phyllis Masterson<br><br>    Plaintiff(s),<br><br>v.<br><br>United States Government<br><br>    Defendant. | Case No.<br><br>MEMORANDUM IN SUPPORT OF<br>PLAINTIFF'S PETITION TO QUASH |

Plaintiff submits this memorandum in support of plaintiff's attached petition to quash as set forth in plaintiff's petition to quash.

*Schulz v. IRS*, 04-0196
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
PER CURIAM:

In May and June 2003 defendant-appellee, the Internal Revenue Service ("IRS"), served plaintiff-appellant, Robert L. Schulz, with a series of administrative summonses seeking testimony and documents in connection with an IRS investigation of Schulz. Schulz filed in the United States District Court for the Northern District of New York motions to quash those summonses. In an order dated October 16, 2003, Magistrate Judge David R. Homer dismissed Schulz's motions for lack of subject matter jurisdiction, finding that, because the IRS had not commenced a proceeding to enforce the summonses, a procedure described in 26 U.S.C. §7604, Schulz was under no threat of consequence for refusal to comply and, until such time as the IRS chose to pursue compulsion in a United States district court, no case or controversy existed.

Magistrate Judge Homer further found that if the IRS did attempt to compel Schulz to produce testimony and documents named in the summonses, the enforcement procedure described in §7604 would provide Schulz with adequate opportunity to contest the requests.

Schulz filed an appeal and objection in the District Court. By order dated December 3, 2003, the District Court denied those objections and dismissed the appeal. Schulz now appeals from that final decision of the District Court. We assert jurisdiction pursuant to 28 U.S.C. §1291 and affirm.

07 MS 575

FILED

DEC 2 6 2007

NANCY MAYER WHITTINGTON CLERK
U.S. DISTRICT COURT

* * *

We realize that our holding today stands in direct contradiction to our previous decisions in *Application of Colton*, 291 F.2d 487, 491 (2d Cir. 1961), and *In re Turner*, 309 F.2d 69, 71 (2d Cir. 1962). While reversal of our prior precedent is never a matter we regard lightly, we take no small solace in Judge Friendly's discussion of *Colton* and *Turner* in *United States v. Kulukundis*, 329 F.2d 197 (2d Cir. 1964). There, Judge Friendly, who authored both *Colton* and *Turner*, points out that *Reisman* "seems to destroy the basis underlying decisions of this court which authorized applications to vacate [an IRS] summons (and appeals from their denial) in advance of any judicial proceeding by the Government for their enforcement." *Id.* at 199. In light of this, we view ourselves today as completing a task begun forty years ago and <u>hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order.</u> In addition, we <u>hold that if the IRS seeks enforcement of a summons through the courts, those subject to the proposed order must be given a reasonable opportunity to contest the government's request</u>. (Emphasis added)

Likewise an IRS lien, levy or other demand made by the Internal Revenue Service upon the plaintiff and/or third party fiduciaries seeking payment of plaintiff's funds/property, setting forth a lien upon plaintiff's property and/or making demands upon plaintiff to perform and/or respond to defendant absent a court order is simply a request and applies no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply until that administrative lien, levy or other demand is backed by a federal court order.

Wherefore, plaintiff seeks an order quashing all administrative liens, levies and other demands and an order consistent with the Second Circuit Court of Appeals and the holding in *Schulz* that absent a court order the attached exhibits are simply requests and apply no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS administrative lien, levy or any other demand unless that administrative

lien, levy or any other demand is backed by a federal court order.

Respectfully submitted this /7 day of DECEMBER, 2007

_____          _____
William Masterson                                            Phyllis Masterson

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

William Masterson  
Phyllis Masterson

Case No.

CERTIFICATE OF SERVICE

       Plaintiff(s),

  v.

United States Government

     I certify that I have served a copy of the foregoing Petition to Quash, Memorandum in Support of Petition to Quash and Order the United States Attorney and the United States Attorney General at their addresses of record.

Respectfully submitted this 17 day of DECEMBER, 2007

William Masterson