IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM MASTERSON; | ) | |
| PHYLLIS MASTERSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-MC-575 (RJL) |
| | ) | |
| UNITED STATES GOVERNMENT | ) | |
| | ) | |
| Defendant. | ) | |

**UNITED STATES' MOTION TO DISMISS**

The United States of America moves pursuant to Fed. R. Civ. P. 12(b)(1), (3), (5) and (6) to dismiss plaintiffs' complaint.  As grounds for this motion, the defendant asserts that plaintiffs have not properly effectuated service of process, have not established that venue is proper, have failed to fulfill the pleading requirements of Fed. R. Civ. P. 8(a), and because this Court lacks subject-matter jurisdiction over various of plaintiff's claims because the United States has not waived sovereign immunity permitting it to be sued.

A memorandum of law in support of this motion as well as a proposed order are filed concurrently with this motion.

1

3134743.1

Dated: March 19, 2008.

Respectfully submitted,

_____/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR (D.C. Bar No. 494045)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, D.C.  20044
Telephone: (202) 307-0855
Fax: (202) 514-6866
benjamin.j.weir@usdoj.gov
*Counsel for the United States*

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3134743.1

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on March 19, 2008 a copy of the foregoing motion

was served upon the following via postage prepaid U.S. Mail:

> William Masterson
> Phyllis Masterson
> 4107 10th St. CT. East
> Ellenton, FL 34222.
>
> *Plaintiffs pro se*

> /s/ Benjamin J. Weir
> BENJAMIN J. WEIR

3134743.1

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

WILLIAM MASTERSON;                )
PHYLLIS MASTERSON                 )
                                  )
              Plaintiffs,         )
                                  )
       v.                         )        No. 1:07-MC-575 (RJL)
                                  )
UNITED STATES GOVERNMENT          )
                                  )
              Defendant.          )

## UNITED STATES' MEMORANDUM OF LAW
## IN SUPPORT OF ITS MOTION TO DISMISS

This case concerns plaintiffs' petition to quash unidentified administrative liens
and levies. The Mastersons' petition must be dismissed because they have failed to
properly effectuate service of process, have failed to establish that venue is proper in
this court, have failed to assert any facts to establish the grounds on which their claims
rest, and because their claims are barred by the Anti-Injunction Act and Declaratory
Judgment Act.

**I.     Plaintiffs have not properly effectuated service of process pursuant to
        the Federal Rules of Civil Procedure**

   **a.     Fed. R. Civ. P. 4(c)(2) requires that a non-party serve the summons
           and complaint**

Fed. R. Civ. P. 4(c)(2) states that service may be effectuated by "[a]ny person who
is at least 18 years old and not a party may serve a summons and complaint." Plaintiff
William Masterson signed the certification of service of process, which does not comply

with Fed. R. Civ. P. 4(c)(2). (Compl. certificate of service.) This is impermissible as the federal rules require that service of process be effectuated by a non-party. <u>Stinecipher v. United States</u>, 239 F.R.D. 282, 283 (D.D.C. 2006)(granting defendant's motion to dismiss because plaintiff's certification of service indicated that he served the complaint and summons, which violated Fed. R. Civ. P. 4(c)(2) and required dismissal). This fact, standing alone, requires dismissal of plaintiff's action. (<u>Id</u>.)

> **b.     Plaintiffs have not satisfied Fed. R. Civ. P. 4(i)**

Fed. R. Civ. P. 4(i) requires that the plaintiff serve a copy of the summons and complaint upon: (1) the United States attorney for the district where the action is brought; (2) the Attorney General; and (3) the agency or officer whose actions the plaintiff challenges. Plaintiffs have failed to fulfill these requirements.

First, the Pacer docket shows that plaintiffs have not obtained any summonses in this case. Plaintiffs have, therefore, not effectuated proper service of process on the parties. <u>See</u> <u>Kidd v. Internal Revenue Service</u>, No. 03-1973, 2006 U.S. Dist. LEXIS 57434 at *10 (D.D.C. Mar. 10, 2006) (stating that a defendant officially becomes a party to the action only upon service of the complaint and summons). It is axiomatic that plaintiffs could not have served summonses on the United States Attorney, Attorney General and the Internal Revenue Service when they have never been issued by the Clerk's office.

Additionally, the certificate of service does not reflect that plaintiffs served the Internal Revenue Service, as required. <u>See</u> Fed. R. Civ. P. 4(i); <u>see</u> <u>also</u> <u>Kidd</u>, 2006 U.S. Dist. LEXIS 57434 at *8. Plaintiffs have not complied with the service of process

3130667.1

requirements mandated in Fed. R. Civ. P. 4.  Their complaint must, therefore, be

dismissed.  See Stinecipher, 239 F.R.D. at 282; Kidd, 2006 U.S. Dist. LEXIS 57434 at *10.

## II.    Venue is improper in this Court

28 U.S.C. § 1402 delineates the proper venue when a plaintiff sues the United

States.  It requires, depending on the nature of the suit, that the action be filed either in

"the judicial district where the plaintiff resides"or "where the property is situated at the

time of levy, or if no levy is made, in the judicial district in which the event occurred

which gave rise to the cause of action."  28 U.S.C. § 1402(a)(1) and (c).

Plaintiffs have provided no such background information here.  Defendant

believes plaintiffs are residents of Florida.  Further, plaintiffs' complaint is silent and

provides no information sufficient to establish that this judicial district is where "the

event occurred which gave rise to the cause of action."  28 U.S.C. § 1402(a)(1) and (c).

Accordingly, plaintiffs have not established that venue in this district is proper.

## III.    Plaintiffs fail to satisfy the pleading requirements of Fed. R. Civ. P. 8

The petition is legally insufficient and should be dismissed under Fed. R. Civ. P.

12(b)(6).[1]  Plaintiffs purport to seeks to quash "all administrative liens, levies and other

---

[1]In federal practice there is only one form of action, known as a civil action.
Flatow v. Islamic Republic of Iran, 305 F.3d 1249, 1252 (D.C. Cir. 2002); National Life
Insurance Co. v. Silverman, 454 F.2d 899, 903 (D.C. Cir. 1971); Fed. R. Civ. P. 2.  Thus,
although designated by the Clerk for administrative purposes as a "miscellaneous
case," this proceeding is a civil action.  In this action, the initial pleading filed by the
Mastersons is denominated as a "petition" rather than a complaint.  Notwithstanding
this choice of nomenclature by plaintiffs, as their initial pleading commencing the
action, the "petition" functions as a complaint.  See Fed. R. Civ. P. 3 (civil action is
initiated by complaint).

3130667.1

demands." (Pet. Mem. 2.)  Under rule 8(a), a complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  The complaint must give "fair notice of the basis for . . . claims and the grounds upon which they rest."  Swierkiewicz v. Sorema N.A., 534 U.S. 506, 507 (2002).

Plaintiffs' pleadings do not state the tax years at issue nor identify any administrative liens or levies it challenges.  Plaintiffs' petition to quash references documents "as set forth in the attached exhibits."  (Pet. 1.)  However, the United States was not served with any exhibits and the PACER docket does not reflect that any exhibits were filed with the Court.

Since plaintiffs' petition fails to provide either notice of the bases of the Mastersons' claims or the grounds upon which they rest, this Court should conclude that plaintiffs have not, in fact or law, stated a claim.  See Jaeger, 524 F. Supp. 2d 60 (dismissing section 7433 claims based on Fed. R. Civ. P. 8(a) because  "scant factual allegations fail to satisfy the notice pleading requirements. . ."); see also Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007).  Because plaintiffs have failed to fulfill the pleading requirements of Fed. R. Civ. P. 8(a), this Court should dismiss the petition.

---

Moreover, the Mastersons have designated themselves as "plaintiffs."  Were their initial pleading actually a petition, it follows that they would be "petitioners," and the "United States Government" would be the "respondent" rather than the "defendant."

3130667.1

IV.    **Plaintiffs' claims are barred by the Anti-Injunction Act and the Declaratory Judgment Act**

Plaintiffs seek an order holding that the Service's administrative liens and levies "are simply requests and apply no force to plaintiff and/or third part fiduciaries. . ." (Pet. to Quash.)  This Court has previously rejected this argument.  Glass v. United States of America, No. 07-01077 (D.D.C. Nov. 8, 2007) (order attached hereto as Ex. B.) Plaintiffs' petition to quash is barred by the Anti-Injunction Act and the Declaratory Judgment Act.

Plaintiffs' suit collides with the well-established principle that Congress has preserved the immunity of the United States from declaratory and injunctive relief with respect to all tax controversies except those pertaining to the classification of organizations under 26 U.S.C. § 501(c).  Murphy v. Internal Revenue Service, 493 F.3d 170, 174 (D.C. Cir. 2007).  The Declaratory Judgment Act explicitly states that a declaratory action cannot be brought "with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986".  28 U.S.C. § 2201. Section 7428 is inapplicable to this case as it pertains to tax exempt status pursuant to 26 U.S.C. § 501.  Plaintiffs' petition to quash challenges federal tax laws and they are precluded from obtaining declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. § 2201.

The Anti-Injunction Act specifies that no court shall exercise jurisdiction over a suit for the "purpose of restraining the assessment or collection of any tax," as is the

3130667.1

patent purpose of plaintiffs' complaint.  <u>See</u> 26 U.S.C. § 7421(a).  Thus, the Act precludes

this Court from exercising jurisdiction over any action, such as this one, which seeks to

enjoin the collection or assessment of taxes.  <u>See</u> <u>Foodservice & Lodging Institute, Inc. v.

Reagan</u>, 809 F.2d 842, 844-45 (D.C. Cir. 1987); <u>American Federation of Gov't Employees,

AFL-CIO v. United States</u>, 660 F. Supp. 12, 13 (D.D.C. 1987).

    Although the Supreme Court has recognized a narrow, judicial exception to

§ 7421, the exception is inapplicable to the present case.  In <u>Enochs v. Williams Packing

& Navigation Co.</u>, 370 U.S. 1, 7 (1962), the Supreme Court decided that the Anti-

Injunction Act would not apply (1) if, when the facts and law are examined in the light

most favorable to the government, under no circumstances could the government

prevail, and (2) equity jurisdiction otherwise existed.  <u>See</u> <u>Flynn v. United States</u>, 786

F.2d 586, 589 (3d Cir. 1986).  The burden is on the plaintiffs to demonstrate that their

suit falls within the purview of the judicially-created exception to the Anti-Injunction

Act.  <u>Bowers v. United States</u>, 423 F.2d 1207, 1208 (5th Cir. 1970).

    Plaintiffs have failed to allege, let along fulfill, this burden.  Sovereign immunity

has not been waived.  Indeed, the Anti-Injunction Act and Declaratory Judgment Act

preclude this court from having jurisdiction.   <u>See</u> <u>Foodservice & Lodging Institute, Inc.

v. Reagan</u>, 809 F.2d at 844-45; 28 U.S.C. § 2201.

    As their sole justification for their petition, plaintiffs misconstrue the holding in

<u>Schultz v. IRS</u>, 413 F.3d 297(2d Cir. 2005), and aver that <u>Schultz</u> grants a cause of action

to quash administrative summonses. (Pet. to Quash 2.)  Plaintiffs are incorrect.  Indeed,

this Court has rejected this argument in a nearly verbatim petition to quash.  (See Ex. A & B.)  Contrary to their assertions, Schultz requires dismissal of the petition to quash because no case or controversy exists.  Id.  Plaintiffs have not established that the Service has sought to enforce its liens or levies, thereby depriving this Court of jurisdiction.  Id.

**Conclusion**

The United States' motion to dismiss should be granted in full because the plaintiffs have not complied with the service of process requirements contained in Fed. R. Civ. P. 4.  Second, plaintiffs have not established that venue in this Court is proper.  Third, plaintiffs have failed to comply with Fed. R. Civ. P. 8(a) by failing to provide any factual information whatsoever identifying the basis of their claims.  Finally, plaintiffs' claims are barred by the Anti-Injunction and Declaratory Judgment Acts.

Dated: March 19, 2008.

                                    Respectfully submitted,

                                    _____/s/ Benjamin J. Weir_____
                                    BENJAMIN J. WEIR (D.C. Bar No. 494045)
                                    Trial Attorney, Tax Division
                                    U.S. Department of Justice
                                    Post Office Box 227
                                    Ben Franklin Station
                                    Washington, D.C.  20044
                                    Telephone: (202) 307-0855
                                    Fax: (202) 514-6866
                                    benjamin.j.weir@usdoj.gov
                                    *Counsel for the United States*

3130667.1

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

3130667.1

CERTIFICATE OF SERVICE

I, Benjamin J. Weir, certify that on March 19, 2008 a copy of the foregoing memorandum of law was served upon the following via postage prepaid U.S. Mail:

> William Masterson
> Phyllis Masterson
> 4107 10th St. CT. East
> Ellenton, FL 34222.
>
> *Plaintiffs pro se*

_/s/ Benjamin J. Weir_____
BENJAMIN J. WEIR

3130667.1

# EXHIBIT A

2915584.1

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RECEIVED

OCT 0 1 2007 CA

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Eleanor M. Glass

Plaintiff(s),

v.

United States Government

Defendant.

Case No.  1:07-cv-01077 ESH

PETITION TO QUASH

[handwritten: ... is granted ESH 10/16/07]

Plaintiff withdraws her complaint under 26 USC 7433 and substitutes in its place this Petition to Quash

### JURISDICTION

This court has jurisdiction under 28 U.S.C. 1331 (civil action arising under the Constitution and laws of the United States,) 28 U.S.C. 1346 (United States is a defendant).

### FEDERAL QUESTION

Whether an administrative lien, levy or any other demand made by the Internal Revenue Service upon the plaintiff and/or third party fiduciaries absent a court order is simply a request and applies no force to the plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS lien, levy or other demand until that lien, levy or other demand is backed by a federal court order.

### FACTS

Plaintiff adopts all exhibits attached to plaintiff's original complaint as if they are attached hereto.

Defendant has served administrative levies on plaintiff's third party fiduciaries as set forth in the aforementioned exhibits. Defendant has filed liens against plaintiff as set forth in the aforementioned exhibits. Defendant has made demands upon plaintiff to perform and/or respond to defendant as set forth in the aforementioned exhibits. Defendants' levies, liens and demand letters are not backed by a federal court order

*Schulz v. IRS*, 04-0196
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
PER CURIAM:

_____"[We] hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order. "

Likewise an IRS lien, levy or other demand made by the Internal Revenue Service upon the plaintiff and/or third party fiduciaries seeking payment of plaintiff's funds/property, setting forth a lien upon plaintiff's property and/or making demands upon plaintiff to perform and/or respond to defendant absent a court order is simply a request and applies no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply until that administrative lien, levy or other demand is backed by a federal court order.

Wherefore, plaintiff seeks an order quashing all administrative liens, levies and other demands and an order consistent with the Second Circuit Court of Appeals and the holding in *Schulz* that absent a court order the aforementioned exhibits are simply requests and apply no force to plaintiff and/or third party fiduciaries and no consequence whatever can

befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS administrative lien, levy or any other demand unless that administrative lien, levy or any other demand is backed by a federal court order.

Respectfully submitted this _27_ day of _September_ , 2007

_Eleanor M. Glass_
Eleanor M. Glass

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Eleanor M. Glass                          Case No.  1:07-cv-01077

      Plaintiff(s),                       MEMORANDUM IN SUPPORT OF
                                          PLAINTIFF'S PETITION TO QUASH

   v.

United States Government

         Defendant.


Plaintiff submits this memorandum in support of plaintiff's attached petition to

quash as set forth in plaintiff's petition to quash.

*Schulz v. IRS*, 04-0196
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
PER CURIAM:


In May and June 2003 defendant-appellee, the Internal Revenue Service
("IRS"), served plaintiff-appellant, Robert L. Schulz, with a series of
administrative summonses seeking testimony and documents in connection
with an IRS investigation of Schulz. Schulz filed in the United States District
Court for the Northern District of New York motions to quash those
summonses. In an order dated October 16, 2003, Magistrate Judge David
R. Homer dismissed Schulz's motions for lack of subject matter jurisdiction,
finding that, because the IRS had not commenced a proceeding to enforce
the summonses, a procedure described in 26 U.S.C. §7604, Schulz was
under no threat of consequence for refusal to comply and, until such time as
the IRS chose to pursue compulsion in a United States district court, no case
or controversy existed.

Magistrate Judge Homer further found that if the IRS did attempt to compel
Schulz to produce testimony and documents named in the summonses, the
enforcement procedure described in §7604 would provide Schulz with
adequate opportunity to contest the requests.

Schulz filed an appeal and objection in the District Court. By order dated
December 3, 2003, the District Court denied those objections and dismissed
the appeal. Schulz now appeals from that final decision of the District Court.
We assert jurisdiction pursuant to 28 U.S.C. §1291 and affirm.

                    *   *   *

We realize that our holding today stands in direct contradiction to our previous decisions in *Application of Colton*, 291 F.2d 487, 491 (2d Cir. 1961), and *In re Turner*, 309 F.2d 69, 71 (2d Cir. 1962). While reversal of our prior precedent is never a matter we regard lightly, we take no small solace in Judge Friendly's discussion of *Colton* and *Turner* in *United States v. Kulukundis*, 329 F.2d 197 (2d Cir. 1964). There, Judge Friendly, who authored both *Colton* and *Turner*, points out that *Reisman* "seems to destroy the basis underlying decisions of this court which authorized applications to vacate [an IRS] summons (and appeals from their denial) in absence of any judicial proceeding by the Government for their enforcement." *Id.* at 199. In light of this, we view ourselves today as completing a task begun forty years ago and *hold that, absent an effort to seek enforcement through a federal court, IRS summonses apply no force to taxpayers, and no consequence whatever can befall a taxpayer who refuses, ignores, or otherwise does not comply with an IRS summons until that summons is backed by a federal court order.* In addition, we *hold that if the IRS seeks enforcement of a summons through the courts, those subject to the proposed order must be given a reasonable opportunity to contest the government's request.* (Emphasis added)

Likewise an IRS lien, levy or other demand made by the Internal Revenue Service upon the plaintiff and/or third party fiduciaries seeking payment of plaintiff's funds/property, setting forth a lien upon plaintiff's property and/or making demands upon plaintiff to perform and/or respond to defendant absent a court order is simply a request and applies no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply until that administrative lien, levy or other demand is backed by a federal court order.

Wherefore, plaintiff seeks an order quashing all administrative liens, levies and other demands and an order consistent with the Second Circuit Court of Appeals and the holding in *Schulz* that absent a court order the aforementioned exhibits are simply requests and apply no force to plaintiff and/or third party fiduciaries and no consequence whatever can befall the plaintiff and/or third party fiduciary who refuses, ignores, or otherwise does not comply with an IRS administrative lien, levy or any other demand unless that administrative lien, levy or any other demand is backed by a federal court order.

Respectfully submitted this _2 7_ day of _September_, 2007

_Eleanor M. Glass_
Eleanor M. Glass

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Eleanor M. Glass                              Case No.  1:07-cv-01077

           Plaintiff(s),               **CERTIFICATE OF SERVICE**

      v.

United States Government

           Defendant.


    I certify that I have served a copy of the foregoing Petition to Quash and Memorandum in Support of Petition to Quash on Defendants' attorney at his/her address of record.

Respectfully submitted this 27 day of _September_, 2007

                                        _Eleanor M Glass_
                                        Eleanor M. Glass

# EXHIBIT B

2915584.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELEANOR M. GLASS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 07-01077 (ESH) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |
| | ) |

<u>MEMORANDUM OPINION AND ORDER</u>

Plaintiff Eleanor M. Glass filed a *pro se* complaint on June 15, 2007, seeking damages under 26 U.S.C. § 7433. (Compl. at 1.) Plaintiff subsequently withdrew her complaint[1] and filed a petition to quash. The government responded by moving to dismiss the petition to quash. For the reasons set forth herein, the motion will be granted.

ANALYSIS

Plaintiff has petitioned for an order quashing all administrative liens, levies, and other demands made by the Internal Revenue Service ("IRS") to satisfy her tax obligations. (Pet. to Quash at 2.) Plaintiff also requests an order declaring that administrative liens and levies issued by the IRS are mere "requests" unless accompanied by a court order. (*Id.*) This Court lacks jurisdiction to grant the relief plaintiff seeks under the Anti-Injunction Act (26 U.S.C. § 7421)

---

[1] Because the government has already filed a motion to dismiss plaintiff's complaint, this action may only be dismissed "upon order of the court and upon such terms and conditions as the court deems proper." Fed. R. Civ. P. 41(a)(2).

and the Declaratory Judgment Act (28 U.S.C. § 2201).

The Anti-Injunction Act provides that no court shall exercise jurisdiction over a suit for

the "purpose of restraining the assessment or collection of any tax." *See* 26 U.S.C. § 7241(a).

*See also Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974). Thus, this Act precludes the

Court from exercising jurisdiction over cases such as this one, which seek to enjoin the

collection of taxes. *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45

(D.C. Cir. 1987). Because the Anti-Injunction Act and the Declaratory Injunction Act "operate

coterminously," *National Taxpayers Union, Inc. v. United States*, 68 F.3d 1428, 1435 (D.C. Cir.

2005), the bar on plaintiff's request for injunctive relief also extends to her request for

declaratory relief.[2]

The single case plaintiff cites does not support her position. In *Schulz v. IRS*, 413 F.3d

297 (2d Cir. 2005) ("*Schulz II*"),[3] the Second Circuit considered a situation similar to that

presented here. The IRS had served Schulz with a series of summons, ordering him to appear

and provide testimony and documents in connection with its ongoing investigation of him. *Id.* at

299. Schulz filed a motion to quash the summons in the United States District Court for the

Northern District of New York. *Id.* The Second Circuit upheld the dismissal of plaintiff's case

for lack of subject matter jurisdiction, finding that because the issuance of an IRS summons

---

[2] The Supreme Court has held that the Anti-Injunction Act does not apply (1) if there are no circumstances under which the government could prevail, and (2) equity jurisdiction would otherwise exist. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962). Plaintiff does not argue that her case falls within this narrow exception, nor do the facts of this case support such a finding.

[3] The Second Circuit issued two opinions in this case. The second "clarif[ies] rather than . . . amend[s] substantially [the first opinion], which remains in force to the extent that it is not inconsistent . . . ." *Id.* at 300.

2

pursuant to 26 U.S.C. § 7604 carries with it no threat of consequence for failure to comply, no

Article III controversy exists until the IRS initiates a proceeding in federal court to compel

compliance. *Id.* at 300 (citing *Schulz v. IRS*, 395 F.3d 463 (2d Cir. 2005) ("*Schulz I*")). The

court therefore concluded that "federal courts do not have jurisdiction over motions to quash IRS

summonses in the absence of some effort by the IRS to seek court enforcement of the summons."

*Schulz I*, 395 F.3d at 465.   In this case, as in *Schulz*, there is no evidence that the IRS has

commenced a proceeding to enforce its liens and levies.  Furthermore, there is no evidence that

any of the third parties which have been served have refused to comply with the IRS's demands.

Therefore, under the logic of *Schulz*, there is no Article III controversy and thus, this Court has

no jurisdiction.


## CONCLUSION

For the foregoing reasons, the government's motion to dismiss the petition to quash [Dkt.

7] is **GRANTED**.   It is hereby **ORDERED** that plaintiff's complaint is withdrawn and this case

is dismissed with prejudice.


/s/
_____
ELLEN SEGAL HUVELLE
United States District Judge

DATE:     November 8, 2007


3

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WILLIAM MASTERSON; | ) | |
| PHYLLIS MASTERSON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 1:07-MC-575 (RJL) |
| | ) | |
| UNITED STATES GOVERNMENT | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Having considered the defendant's motion to dismiss, its memorandum of law in

support , and for good cause shown, it is:

ORDERED that defendant's motion to dismiss is GRANTED; and

ORDERED that the case be and is DISMISSED.

_____
UNITED STATES DISTRICT JUDGE

3134783.1